U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 9 2016

TONY R. MOORE, CLERK
BY: _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DEVIN MITCHELL | CIVIL ACTION NO. 1:16-0064 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| TOWN OF LAKE ARTHUR, et al | MAG. JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion to Dismiss Pursuant to FRCP 12(b)" (R. #5) filed by defendants, the Town of Lake Arthur and Chief Ray Marcantel, individually and in his official capacity as Chief of Police of the Town of Lake Arthur (collectively referred to as the "Town defendants"), and a "Motion to Dismiss Pursuant to Rule 12(b)(2)" (R. #6) filed by defendant, Lake Arthur Police Department ("Police Department"). Plaintiff has not filed an opposition to either motion and the time for doing so has now lapsed.

## FACTUAL ALLEGATIONS

In his complaint, plaintiff alleges he was wrongfully arrested and/or detained for the crimes of possession of Methamphetamine, Crack Cocaine, Oxycodone and Alprazolam. He further alleges that he was subsequently acquitted of the charges after the arresting officer, Raymond Mott, was recognized as a member of the Ku Klux Klan. Plaintiff insists that Officer Mott had no credible probable cause to support his detention and that he falsely and maliciously implicated plaintiff in a drug related crime. Plaintiff asserts state law claims of wrongful arrest, wrongful detention, faulty investigation, and malicious prosecution. Plaintiff also asserts claims

1

pursuant to the Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution.

*Motion to dismiss by Town of Lake Arthur, Chief Ray Marcantel*

Defendants, the Town of Lake Arthur and Chief Ray Marcantel, individually and in his official capacity as Chief of Police of the Town of Lake Arthur seek to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and/or alternatively, pursuant to Federal Rule of Civil Procedure 12(e) due to vagueness of the allegations made against them.

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings which state one or more claims for relief contain "…a short and plain statement of the claim showing that the pleader is entitled to relief…" This "notice pleading" requirement is balanced against Federal Rule of Civil Procedure 12(b)(6), which provides that a court may dismiss one or more claims when the pleader fails to state a claim upon which relief may be granted.

For the purpose of considering a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled factual allegations as true and must view them in the light most favorable to the plaintiff.[1] The pleading must allege facts which, when taken as true, raise the pleader's claim for relief beyond the level of speculation or suspicion.[2] Conclusions of law or recitations of necessary elements of a claim will not suffice.[3]

---

[1] In re Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007) (internal citations omitted).
[2] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[3] Papasan v. Allain, 478 U.S. 265 (1986).

The court's analysis is restricted to the pleading at issue, its proper attachments and matters of public record.[4]

Plaintiff asserts that his Fifth Amendment claims were violated by defendants.[5] The Town defendants maintain that plaintiff's Fifth Amendment claims must be dismissed because they are not Federal actors. The Due Process Clause of the Fifth Amendment limits the actions to only the Federal Government.[6] Accordingly, plaintiff's claims made pursuant to the Fifth Amendment against the Town defendants must be dismissed with prejudice.

Plaintiff asserts Eighth Amendment claims against the Town defendants;[7] however, there are no factual allegations that the plaintiff was denied medical care/treatment as a pretrial detainee and/or a convicted prisoner. Accordingly, plaintiff's conclusory allegations fail to state a claim under the Eighth Amendment against the Town defendants. Accordingly, this claim will also be dismissed with prejudice.

Plaintiff asserts a Ninth Amendment[8] claim against the Town defendants. Plaintiff's allegations of a Ninth Amendment violation fails to state a claim for which relief can be granted pursuant to 42 U.S.C. § 1983.[9] The Ninth Amendment does not specify any rights of the people

---

[4] Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278 (5th Cir. 2006) (internal citations omitted).
[5] R. #1, ¶ 9.
[6] Huffaker v. Bucks County District Attorney's Office, 758 F.Supp. 287, 290 (E.D. Pa. 1991); Thompson v. Wagner, 631 F.Supp. 2d 664, 671 (W.D. Pa. 2008).
[7] R. #1 ¶ 9.
[8] The Ninth Amendment to the United States Constitution states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."
[99] Richargson v. Sewerage & Water Bd. 1996 WL 288275 (E.D. La 1996), citing Charles v. Brown, 495 F.Supp. 862, 863 (N.D. Ala. 1980); see also Canton Branch, N.A.A.C.P. v. Runnel, 617 F.Supp. 607, 609 n. 3 (S.D Miss.1985).

3

and is not a vehicle for bringing civil rights claims. Accordingly, the Ninth Amendment claims made against the Town defendants will be dismissed with prejudice.

Plaintiff asserts a claim for faulty investigation. This court is not aware of a constitutional right to an investigation.[10] Accordingly, plaintiff's claim for faulty investigation against the Town defendants must be dismissed as a matter of law.

*Chief Marcantel in his individual capacity*

Chief Marcantel asserts qualified immunity as to any 42 U.S.C. § 1983 claims made against him in his individual capacity. Chief Marcantel asserts that plaintiff has failed to allege facts of any specific conduct that would give rise to a constitutional violation.[11] After a thorough review of the complaint, the court agrees and will dismiss, with prejudice, plaintiff's § 1983 claims against Chief Marcantel in his individual capacity.

*Motion to Dismiss Lake Arthur Police Department*

The Lake Arthur Police Department asserts that because it is not a juridical person, it must be dismissed with prejudice. For a city department to be sued, it must enjoy a separate legal existence.[12] Parties to a lawsuit must have the capacity to sue or be sued.[13] The Police Department is a subdivision of the Town of Lake Arthur and is not a juridical person in its own

---

[10] Mitchell v. McNeil, 487 F.3d 374 (6th Cir. 2007).
[11] See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002).
[12] Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991).
[13] F.R.Civ.P. 17.

right. Thus, it does not have the capacity to be sued.[14] Accordingly, the Lake Arthur Police Department will be dismissed with prejudice at plaintiff's costs.

**THUS DONE AND SIGNED** in chambers on this 9th day of May, 2016.

*/s/ James Trimble*
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[14] Darby, 939 F.2d at 313. (It is well established that police departments do not have a separate existence apart from the city and are not suable entities.)